**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

MARK A. WEISS,

        Plaintiff,

v.                                                   Case No. 07-C-1084

MENDOTA STATE HOSPITAL, STATE OF WISCONSIN,
DR. GARY MEYER, DR. MAYS, DR. MOLLY ROLLI,
SHAH ASHOK, M.D., and ANTHONY MILISAUSKAS,

        Defendants.

## DECISION AND ORDER

Plaintiff, Mark A. Weiss, filed this *pro se* civil rights action pursuant to 42 U.S.C. 1983. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*.

The plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed *in forma pauperis*. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[1]

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

Pursuant to this court's order dated December 28, 2007, the plaintiff has been assessed and paid an initial partial filing fee of $16.33. Thus, the plaintiff's motion for leave to proceed *in forma pauperis* will be granted. The remainder of the filing fee will be collected as set forth below.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007)

(citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Thomson v. Washington*, 362 F.3d 969, 970 (7th Cir. 2004).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## A.    Background[2]

The plaintiff was incarcerated at Mendota State Hospital at all times relevant. Defendants Dr. Meyer, Dr. Mays and Dr. Rolli are physicians at Mendota State Hospital. Dr. Ashok is employed as a physician in Kenosha. Attorney Anthony Milisauskas was the plaintiff's public defender. Attorney Robert Jambois was a state prosecutor. Bruce E. Schroeder and Carl Greco are Kenosha County Circuit Court Judges. Susan A. Weiss is the plaintiff's mother. Chuck Dubois is the owner of the Spot Drive Inn restaurant in Kenosha. The complaint also names Mike

---

[2]The allegations in this section are derived from the plaintiff's December 4, 2007 complaint, January 7, 2008 letter and January 28, 2008 affidavit.

Leinenweber, the State of Wisconsin, the City of Kenosha, and the Mendota State Hospital as defendants.

The plaintiff was arrested on March 10, 1995. At the time of his arrest, the plaintiff was drunk and he believes that he incriminated himself. He told police that the allegations against him were false but he was arrested anyway.

The plaintiff was subsequently sent to Mendota State Hospital, where he was treated by Dr. Meyer. Dr. Meyer told the plaintiff that he looked like he smoked drugs. Dr. Meyer proceeded to examine the plaintiff to determine whether he was competent to stand trial. The plaintiff went through many tests and had blood work performed.

Dr. Meyer prescribed the plaintiff medication. When the plaintiff stated that he did not want to take any medications, Dr. Meyer obtained a court order to involuntarily treat him. Judge Schroeder told the plaintiff that if he did not take his medicine, he was going to have it administered via needle.

The plaintiff took his medicine and stayed at Mendota State Hospital for several weeks. However, he did not like the medications due to their side effects. Furthermore, the plaintiff avers that he was "taken advantage" by his prescribed medications and that they were used as a means to control him. (Compl. at 4).

The plaintiff asserts that he was "railroaded" by his public defender, Attorney Milisauskas. *Id.* at 5. He contends that he was the victim of malicious prosecution by Attorney Jambois. The plaintiff's criminal proceedings and conviction, presided over by Judges Greco and Schroeder, were based on hearsay and not admissible evidence.

The plaintiff was convicted of sexual assault and is now a registered sex offender. The City of Kenosha, the State of Wisconsin, the Kenosha Police, the Kenosha Sheriff's Department, and other people who found out about his conviction have harassed him and caused him emotional distress.

The plaintiff's mother, who is now deceased, frequently called the police about him. However, she had serious health problems and a prescription pill addiction. The plaintiff avers that he never touched her and he is innocent of any crime.

The plaintiff claims that the defendants subjected him to cruel and unusual punishment in violation of the Eighth Amendment. Additionally, he charges the defendants with various state law violations. For relief, the plaintiff demands monetary damages.

**B.     Analysis**

    **1.     Medical Care Claims**

The plaintiff asserts that the defendants subjected him to cruel and unusual punishment in violation of the Eighth Amendment. Because the plaintiff was a pretrial detainee when the alleged wrongdoing occurred, his claim arises under the Due Process Clause of the Fourteenth Amendment as opposed to the Eighth Amendment. *See Board v. Farnham*, 394 F.3d 469 (7th Cir. 2005). However, "[t]he distinction [between pretrial detainee and prisoner status] is immaterial since the legal standard for § 1983 claim is the same under either the Cruel and Unusual Punishment Clause of the Eighth Amendment or the Due Process Clause of the Fourteenth Amendment." *Whiting v. Marathon Co. Sheriff's Dep't*, 382 F.3d 700 (7th

Cir. 2004). Thus, the court will analyze the plaintiff's claim under the Eighth Amendment.

Notably, the plaintiff does not explicitly describe the basis for his cruel and unusual punishment claim. However, he avers that he was misdiagnosed as mentally ill and he was provided with medical care that had adverse side effects. To establish liability under the Eighth Amendment, a prisoner must show: (1) that his medical need was objectively serious; and (2) that the official acted with deliberate indifference to the prisoner's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001). Construed liberally, the plaintiff alleges that the defendants prescribed medication with the knowledge that it was not the appropriate course of treatment, which states a claim under the Eighth Amendment. *See Benson v. Cady*, 761 F.2d 335, 341 (7th Cir. 1985).

The plaintiff further avers that the defendants subjected him to involuntary medical care. A competent person has a constitutionally protected liberty interest in refusing unwanted medical treatment. *Cruzan v. Director, Missouri Dep't of Health*, 497 U.S. 261 (1990); *Sullivan v. Bornemann*, 384 F.3d 372 (7th Cir. 2004). Thus, the plaintiff has stated a Fourteenth Amendment claim.

### 2. Personal Involvement

The complaint names Dr. Mays, Dr. Rolli and Dr. Ashok as defendants. However, the complaint fails to state facts indicating the direct, personal involvement of any of these defendants as required by *Gentry v. Duckworth,* 65 F.3d 555, 561 (7th Cir. 1995). Nor has the plaintiff provided any facts showing that the alleged violation of his constitutional rights occurred at the defendants' direction or with their

knowledge and consent. *Id*. "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Moreover, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). Thus, the plaintiff has failed to state a claim against defendants Dr. Mays, Dr. Rolli and Dr. Ashok.

### 3. Eleventh Amendment

The plaintiff has named the State of Wisconsin as a defendant. States are immune from liability under § 1983. *Will. v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Because of the Eleventh Amendment neither the state nor its agencies can be sued for money damages in federal court unless the state consents to such a suit, which has not yet occurred in this case, or unless Congress has abrogated the state's sovereign immunity, *Goshtasby v. Bd. of Trustees of the Univ. of Ill.*, 141 F.3d 761, 765 (7th Cir. 1998), which has not happened in regard to § 1983 claims. *Quern v. Jordan*, 440 U.S. 332 (1979). Moreover, the state cannot be sued under § 1983 at all because it is not a "person" suable under that section. *Will*, 491 U.S. at 71. The plaintiff has, therefore, failed to state a claim against the State of Wisconsin.

### 4. State Actor Requirement

The complaint names Anthony Milisauskas, Mike Leinenweber, Susan Weiss and Chuck Dubois as defendants. The plaintiff brought this action pursuant to § 1983 which provides a cause of action against state actors. *See Gomez*, 446 U.S.

at 640. However, these four defendants are not state actors. Thus, defendants Milisauskas, Leinenweber, Weiss and Dubois will be dismissed.

   5.   **Judicial Immunity**

The plaintiff avers that Judges Greco and Schroeder presided over his trial, at which he was wrongfully convicted. It is well established that judges are entitled to absolute immunity from damages for their judicial conduct. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001) (same). This principle "is supported by a long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability." *Snyder v. Nolen*, 380 F.3d 279, 286 (7th Cir. 2004) (per curiam) (quoting *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435-36 (1993)). Nothing in § 1983 abolishes the principal of judicial immunity and, therefore, a judge cannot be held liable for an unconstitutional conviction. *Pierson v. Ray*, 386 U.S. 547, 553-55 (1967) (holding that judicial immunity applies to a § 1983 unconstitutional conviction claim, even where the judge is accused of acting maliciously or corruptly). Therefore, the plaintiff has failed to state a claim against defendants Greco and Schroeder.[3]

   6.   **Municipal Liability**

The plaintiff alleges that the City of Kenosha harassed him based on his criminal history. Although municipalities are "persons" for purposes of § 1983,

---

[3]Inasmuch as the plaintiff's claims against defendants Greco and Schroeder have been dismissed under the doctrine of judicial immunity, it is unnecessary to determine whether such claims are also barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), which holds that any claim that implies the invalidity of a criminal conviction is not cognizable under § 1983 unless certain prerequisites have been met.

liability against cities nevertheless may not arise vicariously; cities cannot be held liable under § 1983 on a respondeat superior basis. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-92 (1978). Instead, cities are liable only for acts for which the entity itself is responsible, meaning acts the entity has embraced as policy or custom. *Id.* at 690-91, 694. Unconstitutional policies or customs can take three forms:

> (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a 'custom or usage' with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policy-making authority.

*Palmer v. Marion County*, 327 F.3d 588, 594-95 (7th Cir. 2003) (citations omitted). Because the plaintiff has not alleged any facts indicating that defendant City of Kenosha has embraced any unconstitutional policies or customs, it will be dismissed from this action.

### 7. State law claims

The plaintiff avers that the defendants violated the following state laws: (1) Wis. Stat. § 895.443; (2) Wis. Stat. § 893.55; (3) Wis. Stat. § 971.17; (4) Wis. Stat. § 940.41(1)(r); (5) Wis. Stat. § 77.05; (6) Wis. Stat. § 301.48(6)(2); (7) Wis. Stat. § 939.615; (8) Wis. Stat. § 895.943; and (9) 972.11. In any civil action in which district courts have original jurisdiction, "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . .." 28 U.S.C. § 1367(a). This section allows district courts to maintain supplemental

-9-
Case 2:07-cv-01084-JPS   Filed 04/18/08   Page 9 of 13   Document 9

jurisdiction over counterclaims, whether compulsory or permissive, so long as the counterclaims "are so related to" the original claims that they form the same case or controversy. *Channell v. Citicorp Nat'l Servs.*, 89 F.3d 379, 385-87 (7th Cir. 1996).

Except for Wis. Stat. § 893.55, none of the statutes cited by the plaintiff is applicable to the instant action. For example, Wis. Stat. § 77.05 concerns the taxation of croplands. Section 893.55, however, provides a cause of action for medical malpractice. *See West v. Mact*, 235 F. Supp. 2d 966 (E.D. Wis. 2002). Thus, the plaintiff may proceed on a state medical malpractice claim.

Finally, the plaintiff charges defendant Jambois with malicious prosecution. Wisconsin law recognizes such claims. *See, e.g, Kaufman v. United States*, 876 F. Supp. 1044, 1052-53 (E.D. Wis. 1977) (setting forth the factors required to state a claim for malicious prosecution). As a prosecutor, however, Jambois is absolutely immune from liability for his prosecutorial activities. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Gauger v. Hendle*, 349 F.3d 354, 358 (7th Cir. 2003); *Davis v. Zirkelbach*, 149 F.3d 614, 617 (7th Cir. 1998). This is so "even if he initiates charges maliciously, unreasonably, without probably cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986). Therefore, the plaintiff's claim of malicious prosecution must be dismissed on the basis of prosecutorial immunity.

In sum, the plaintiff may proceed on his Fourteenth Amendment and state malpractice claims against defendants Dr. Meyer and Mendota State Hospital. However, the plaintiff's remaining state law claims are dismissed. Moreover, defendants Robert Jambois, the City of Kenosha, the State of Wisconsin, Dr. Ashok,

Dr. Rolli, Dr. Mays, Anthony Milisauskas, Bruce E. Schroeder, Mike Leinenweber, Carl Greco, Susan E. Weiss, and Chuck Dubois are dismissed.

As a final matter, the plaintiff has filed a request to terminate lifetime tracking under Wis. Stat. § 301.48. Section 301.48(6)(a) provides that a person requesting termination under this provision "shall file [the] petition...with the circuit court for the county in which the person was convicted or found not guilty or not responsible by reason of mental disease or defect." By his own admission, the plaintiff was convicted in Kenosha County Circuit Court. Thus, his request to terminate lifetime tracking will be denied.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) is **GRANTED.**

**IT IS ORDERED** defendants Robert Jambois, the City of Kenosha, the State of Wisconsin, Dr. Ashok, Dr. Rolli, Dr. Mays, Anthony Milisauskas, Bruce E. Schroeder, Mike Leinenweber, Carl Greco, Susan E. Weiss and Chuck Dubois are **DISMISSED.**

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although

Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $333.67 balance of the filing fee by collecting monthly payments from his prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard

-12-
Case 2:07-cv-01084-JPS    Filed 04/18/08    Page 12 of 13    Document 9

any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 18th day of April, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge