UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARK A. WEISS,

        Plaintiff,

v.                                                     Case No. 07-C-1084

MENDOTA STATE HOSPITAL and GARY MEYER,

        Defendants.

## ORDER

Plaintiff Mark Weiss filed this *pro se* civil rights action pursuant to 42 U.S.C. §1983 alleging that his constitutional rights were violated while he was housed at the Mendota State Hospital.[1] The court granted the plaintiff leave to proceed *in forma pauperis* on his federal claims that the defendants violated his Fourteenth Amendment rights when he was forced to take medication that had adverse side effects, thus inflicting cruel and unusual punishment, and on his related state law claim that defendant Dr. Gary Meyer[2] committed medical malpractice. Now before the court are the defendants' motion for summary judgment and the plaintiff's two motions for summary judgment.

### SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show . . . no genuine issue as to any material fact

---

[1]The correct name for the defendant named as Mendota State Hospital is Mendota Mental Health Institute. However, in an effort to remain consistent with the caption and prior pleadings, the court will refer to the defendant formally as Mendota State Hospital and informally as Mendota.

[2]The correct spelling of Dr. Meyer's name is Dr. Gary Maier. Thus, for consistency, the court will use the correct spelling.

. . . and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The mere existence of some factual dispute does not defeat a summary judgment motion. Instead, "the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (emphasis in original). For a dispute to be genuine, the evidence must be such that a "reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must draw all inferences in a light most favorable to the nonmovant. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), *Bethlehem Steel Corp v. Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990). However, a court is "not required to draw every conceivable inference from the record – only those inferences that are reasonable." *Bank Leumi Le-Isreal, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir. 1991) (citing *Spring v. Sheboygan Area School Dist.*, 865 F.2d 883, 886 (7th Cir. 1989)).

The moving party bears the initial burden of showing that there are no material facts in dispute and that he is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A defendant moving for summary judgment may satisfy this initial burden by pointing to the plaintiff's failure to introduce evidence sufficient to support the cause of action alleged. *Id.* at 325. Once the moving party meets its initial burden, the nonmoving party must "go beyond the pleadings" and designate specific facts to support its cause of action, showing a genuine issue for trial. *Id.* at 322-25.

2

## BACKGROUND[3]

At all times relevant to this case, the plaintiff, Mark Weiss, was an adult inmate admitted to the Mendota State Hospital. (DPFOF ¶ 2; Compl. at 10). Mendota is a psychiatric hospital operated by the Wisconsin Department of Health Services, Division of Mental Health and Substance Abuse, a Wisconsin state agency. Wis. Stat. § 15.19. Defendant Dr. Gary Maier is a psychiatrist at Mendota and an employee of the Wisconsin Department of Health and Family Services.[4] (DPFOF ¶ 3).

Although the plaintiff has been admitted to Mendota on many occasions, it is undisputed that the events giving rise to the complaint occurred in 1995. (Affidavit of Gary J. Maier, M.D. [Maier Aff.], ¶¶ 5-7). In March 1995, the plaintiff was arrested and sent to Mendota. (Compl. at 10). Upon Weiss' arrival, Dr. Maier evaluated the plaintiff's competency. *Id.* After the examination, Dr. Maier found Weiss incompetent to stand trial and not competent to refuse medication. (Aff. of Gary Maier, M.D. ¶ 6). Dr. Maier prescribed plaintiff medication. (Compl. at 10). Plaintiff stated that he did not want to take medication. *Id.* Dr. Maier then obtained a court order to treat plaintiff with medication. *Id.* The only time that Dr. Maier submitted a report to the court regarding the plaintiff's competency to stand trial was in 1995.

---

[3] The facts in this section are derived from Defendants' Proposed Findings of Fact (DPFOF) and the plaintiff's sworn complaint. Because the plaintiff's complaint is sworn, the court construes it as an affidavit at the summary judgment stage. *Ford v. Wilson*, 90 F.3d 245, 246 (7th Cir. 1996).

[4] On July 1, 2008, the Department of Health and Family Services became the Department of Health Services and the new Department of Children and Family Services was created. Dr. Maier is employed by the same Wisconsin state agency that runs Mendota.

3

(Maier Aff. ¶ 7). In Kenosha County Case No. 95-CF-0121, Dr. Maier recommended to the court that: (1) the plaintiff was not competent to stand trial under Wis. Stat. § 971.14(2); and (2) the plaintiff was not competent to refuse medication. (Maier Aff. ¶ 6). On April 25, 1995, Kenosha County Judge Schroeder issued an order of Commitment for Treatment of Weiss under § 971.14(5), which included authorization to treat Weiss involuntarily. *Id.*

In his complaint, the plaintiff avers that he suffered from severe side effects from the medication, but that medical staff at Mendota instructed him to continue his medication. (Compl. at 10). Plaintiff asserts that he felt over medicated, "trapped like a rat," and unable to make decisions for himself. (Compl. at 10-11).

**ANALYSIS**

**1. Plaintiff's Motions for Summary Judgment**

The plaintiff has filed two motions for summary judgment. On August 12, 2008, the plaintiff filed an unsworn three-page document disputing the defendants' statute of limitation defense and asking the court for an order that Dr. Maier and the other doctors must pay the plaintiff $2 Million for mental anguish, mental cruelty, and mental distress. On August 28, 2008, the plaintiff filed another unsworn three-page document asking for a settlement and reiterating his claims of: (1) forced medication with harmful side effects; (2) solitary confinement; (3) repeated negligent acts by Mendota staff that disclose a pattern of conduct; and (4) loss of work and wages.

Neither of plaintiff's motions contained or was filed with a separate brief, proposed findings of fact or supporting affidavits. The motions do not comply with

4

Federal Rule of Civil Procedure 56 and Civil Local Rules 7.1 and 56.2. Although district courts may liberally construe the federal and local rules for *pro se* litigants, even *pro se* litigants must follow those rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Metro. Life Ins. Co. v. Johnson*, 297 F.3d 558, 562 (7th Cir. 2002). Plaintiff's motions are devoid of references to evidence, *see* Civil L.R. 56.2(a) (E.D. Wis.), and they do not indicate that "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). As such, the court will deny the plaintiff's motions for summary judgment. Nonetheless, the court has considered the arguments in the plaintiff's motions in evaluating the defendants' motion for summary judgment.

**2.    Defendants' Motion for Summary Judgment**

First, Mendota argues that it is entitled to summary judgment both because Mendota is not a "person" under § 1983 and, as a state agency, Mendota has sovereign immunity. A claim arising under § 1983 survives summary judgment only if the complaint names a "person." *See generally, Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989); 42 U.S.C. § 1983. A suit against a state agency is "no different from a suit against the State itself." *Will*, 491 U.S. at 71. Since "neither a State nor its officials acting in their official capacities are 'persons' under § 1983," this court must dismiss plaintiff's claim against Mendota.[5] *Id.*

---

[5] The court's decision to grant the defendants' motion for summary judgment because Mendota is not a "person" who may be sued under § 1983, renders moot Mendota's sovereign immunity argument.

Second, Dr. Maier contends that he is entitled to summary judgment because the plaintiff's federal and state law claims against him are barred by the applicable statute of limitations. To determine the applicable statute of limitations in a § 1983 case, courts look to the personal injury laws of the state where the injury occurred. *Owens v. Okure*, 488 U.S. 235, 250 (1989); *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993). Wisconsin's statute of limitations for personal injury claims is six years. Wis. Stat. § 893.53 (2007). Thus, § 1983 claims arising in Wisconsin are governed by a six-year statute of limitations.[6] *Farrell v. McDonough*, 966 F.2d 279, 282 (7th Cir. 1989).

Federal law, however, governs the accrual of an inmate's § 1983 claim. *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992). These claims begin to "accrue when the plaintiff knows or should have known that his or her constitutional rights have been violated." *Kelly*, 4 F.3d at 511. The "first task in determining the accrual date of a section 1983 case is to identify the injury." *Id.* Next, the court determines the date when the plaintiff could have sued for that injury. *Id.* This date "should coincide with the date the plaintiff 'knows or should have known' that his rights were violated." *Id.*; *see also Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th Cir. 1990) ("Accrual ... is not the date on which the wrong that injures the plaintiff occurs, but the date – often the same, but sometimes later – on which the plaintiff discovers that he has been injured."). This determination "is a fact-intensive inquiry, in which

---

[6]The statute of limitations in Wisconsin for a state medical malpractice claim is three years. Wis. Stat. § 893.55(1m)(a) (2007). Therefore, if the plaintiff's § 1983 claim against Dr. Maier is barred by the six-year statute of limitations, it follows that his state law medical malpractice claim is also barred.

6

both the surrounding circumstances and the claims plaintiff . . . is trying to raise are critical." *Hileman v. Maze*, 367 F.3d 694, 697 (7th Cir. 2004).

The allegations in the plaintiff's complaint begin with his arrest in March 1995 and include his subsequent treatment at Mendota by Dr. Maier. (Compl. at 7). In his complaint, the plaintiff avers that he had adverse reactions to the medications he was given pursuant to the court order. (Compl. at 10). It is undisputed that the only time that Dr. Maier submitted a report to the court regarding the plaintiff's competency to stand trial was in 1995. (Maier Aff. ¶ 7). In Kenosha County Case No. 95-CF-0121, upon Dr. Maier's recommendation, the court issued an order April 25, 1995, that included an authorization to treat Weiss involuntarily. (Maier Aff. ¶ 6).

The court concludes that the plaintiff became aware of his injury in 1995 when he had adverse reactions to the medications. The plaintiff's claims accrued at that time. *See Kelly*, 4 F.3d at 511. As a result, the statute of limitations for the plaintiff's § 1983 claims expired some time in 2001, six years after his claims accrued. *See Farrell*, 966 F.2d at 282. Yet the plaintiff did not file this action until December 4, 2007. Not only did the plaintiff fail to file his complaint within six years of the accrual of his claims, he waited until more than six years after the statute of limitations expired to file suit. The complaint the plaintiff filed in December 2007 is time barred, and the defendants are entitled to summary judgment.

Accordingly,

7

**IT IS ORDERED** that the defendants' motion for summary judgment (Docket #23) is **GRANTED**;

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (Docket #30) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (Docket #33) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED** on its merits together with costs as taxed by the Clerk of the Court.

The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 19th day of February, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge